IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JESSE MEEKS and
LEORA MEEKS,

    Plaintiffs,

v.                                Civil Action No. 2:05-cv-00018

FLEETWOOD RETAIL CORP.
OF KENTUCKY d/b/a FLEETWOOD
HOMES, a corporation, FLEETWOOD
HOMES OF INDIANA, INC., a
corporation, and COMMUNITY
TRUST BANK, INC., a corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 15, 2005, Plaintiffs filed a Motion to Compel against defendants Fleetwood Homes and Fleetwood Homes of Indiana, Inc. requesting that these defendants be made to answer certain interrogatories and requests for production. (Docket # 26-1.) Plaintiffs requested costs and attorney's fees in connection with their Motion.  (Docket # 26-2.) As of the date of this Order, Defendants have not filed a response.

Interrogatory # 1 requests the name, address and telephone number of each borrower to whom Community Trust Bank, Inc. made loans secured by a manufactured home sold by Fleetwood Retail Corp. of Kentucky d/b/a Fleetwood Homes, and/or their predecessors or

successors in West Virginia during the calendar years 2001-2003. Plaintiffs argue that this information is needed so that they may discover pattern or practice evidence pertaining to prior borrowers to support their fraud claims. (Docket # 27, p. 3-5.) Interrogatory # 2 requests the name and address of any purchaser of a home manufactured by Fleetwood Homes of Indiana, Inc. which was sold by Fleetwood Retail Corp. of Kentucky d/b/a Fleetwood Homes, and/or their predecessors or successors in West Virginia during the calendar years 2001-2003. (Docket # 26, p. 2.)

Defendants answered both interrogatories with objections, stating the information requested was neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Defendants further objected that the requests were overbroad, vague, and unduly burdensome. Defendants stated that compiling such lists would be a practical impossibility due to the unavailability of any tracing system that would identify the information, and that a review of every file would be required to obtain this information. (Docket # 26, p. 2.)

In an effort to resolve this dispute, Plaintiffs asked Defendants how many borrowers and purchasers were involved in the requests, in hopes of reaching agreement as to whether the requests were truly burdensome. (Docket # 26, Exhibit A.) Plaintiffs proposed that if the number was indeed too burdensome, Plaintiffs might narrow the request to a representative sample of West

Virginia borrowers and purchasers.  (Docket # 26, Exhibit A.) Defendants made no response.

This court has allowed similar discovery in cases of this nature.  <u>Marks v. Global Mortgage Group, Inc.</u>, 218 F.R.D. 492 (S.D.W.Va. 2003).  The court must assess under Rule 26(b)(2) whether the burden or expense of the discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the dispute.  The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26 (C).  Fed.R.Civ.Pr. 26(b)(2)(2005).

Defendants' failure to respond precludes the court from making this analysis herein. Simply put, the court cannot accept Defendants' blanket assertions of burden or expense without facts from which to evaluate this objection.  Accordingly, it is hereby **ORDERED** that Defendants comply with <u>either</u> one of the following: (1) Defendants shall produce the materials requested in the subject interrogatories as written within 14 days of receipt of this Order, in which case further court intervention would not be required; **OR** (2) Defendants shall submit to the court (copy to opposing counsel) an affidavit prepared by a person with knowledge of its computer systems stating the number of hours and costs required to respond to Interrogatories # 1 and 2. If Defendant believes this

3

information can be obtained through a less burdensome or expensive means, Defendant shall submit with its affidavit a proposed alternate method of providing this discovery.  The court will rule upon such documentation alone, unless Defendant requests a hearing.

The court finds that Requests for Production # 8 and 10 are reasonably calculated to lead to discovery of admissible evidence. Such evidence would tend to show the pattern or practice Plaintiffs allege, and would also appear relevant to the issue of punitive damages.  However, the requests as written are overbroad in that they contain no geographic limitation and no time limitation.  Plaintiff's other discovery requests were limited to the state of West Virginia and the time period of 2001-2003.  The court finds such limitations more reasonable, and now **ORDERS** that Defendants shall answer Requests for Production # 8 and 10, limiting the requests to the state of West Virginia and the time period 2001-2003, except that Defendant must also produce its federal tax returns for 2001-2003.  Defendant shall tender such answers within 14 days of the receipt of this Order.

Counsel for both parties should review this court's Memorandum Opinion and Order in <u>LaDonna Saria v. Massachusetts Mutual Life Ins. Co.</u>, Civ. Act. No. 2:04-cv-00382 (May 9, 2005) at http://www.wvsd.uscourts.gov.  All future discovery responses should comport with this ruling.

The Motion to Compel (docket # 26) is thus taken **UNDER**

**ADVISEMENT** as to Interrogatories # 1 and 2 and is **GRANTED** as to Request for Production # 8 and 10. The request for costs and attorney's fees (docket #64-2) is also taken **UNDER ADVISEMENT** pending Defendant's compliance with the above.

The Clerk is instructed to transmit copies of this written opinion and order to counsel of record.

**ENTER** this 11 day of October, 2005.

                                           _____
                                           Mary E. Stanley
                                           United States Magistrate Judge