```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

JESSE MEEKS and
LEORA MEEKS,

    Plaintiffs,

v.                          Civil Action No. 2:05-cv-00018

FLEETWOOD RETAIL CORP.
OF KENTUCKY d/b/a FLEETWOOD
HOMES, a corporation, FLEETWOOD
HOMES OF INDIANA, INC., a
corporation, and COMMUNITY
TRUST BANK, INC., a corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On November 18, 2005, plaintiffs Jesse Meeks and Leora Meeks ("Plaintiffs") filed a Motion to Compel Defendant Community Trust Bank, Inc. to Respond to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents, with supporting memorandum. (Docket # 44, 45.) Defendant Community Trust Bank, Inc. ("CTB")filed a Response. (Docket # 49.)

Plaintiffs' Motion requests that CTB be compelled to answer Interrogatories # 1 and 2 and corresponding Requests for Production (1 & 2) in their Second Set of Interrogatories and Requests. (Docket # 44-1.) The Motion contains a request for an award of

costs and attorney's fees. (Docket # 44-2.) The court notes that Plaintiffs previously filed a Motion to Compel against co-defendants Fleetwood Homes and Fleetwood Homes of Indiana, Inc. ("the Fleetwood defendants") addressing discovery which is identical to two of these requests, and will discuss those requests first. (See Docket # 26, 27.)

Interrogatory # 1 to CTB is identical to Interrogatory # 1 to the Fleetwood defendants. Request for Production # 2 to CTB is identical to Request # 8 to the Fleetwood defendants. (Docket # 44, 26.) In considering the Plaintiffs' dispute with the Fleetwood defendants, the court noted that defendants had not filed any response, and had not demonstrated any undue hardship or burden with their objections alone. The court ordered the Fleetwood defendants to either comply with the requests or file an affidavit with the court from an individual knowledgeable about defendants' computer systems documenting the burden and expense, and also proposing an alternate means of providing the discovery. (Docket # 31, p. 3-4.)

In the instant dispute concerning CTB, the court has the benefit of CTB's response. CTB argues that Interrogatory No. 1 is overbroad because it spans a three-year time frame. The court disagrees and finds that given the Plaintiffs' burden of establishing a pattern or practice of the acts alleged, this time frame is reasonable. With respect to the substance of the request,

2

the court believes that Plaintiffs' need for such information outweighs the burden alleged by CTB, based on the information before the court at this time; namely, CTB's response drafted by its counsel. Accordingly, the court will indulge CTB the same option it allowed the Fleetwood defendants: CTB shall either produce the materials requested in Interrogatory # 1 as written within 14 days of their receipt of this Order, <u>or</u> CTB may submit to the court (copy to opposing counsel) a detailed affidavit prepared by someone with knowledge of its computer system describing how such files are maintained, and stating the number of files and the number of hours and costs required to respond to this request. The court likewise invites CTB to submit therewith a proposed alternate method of providing such discovery, if it believes same can be obtained through a less expensive or burdensome means.

Request for Production # 2 to CTB is identical to Request # 8 propounded to the Fleetwood defendants. As before, the court finds that this request is reasonably calculated to lead to discovery of admissible evidence; however, the request is overbroad in that it contains no geographic limitation and no time limitation. Accordingly, as it instructed the Fleetwood defendants, the court now orders CTB to answer this request, but narrows the information to complaints and documents relating to complaints concerning its actions in the State of West Virginia during the years 2001-2003. Plaintiffs' counsel is instructed to confer with defense counsel to

reach agreement upon which particular documents are considered "complaints", to alleviate Defendants' confusion in responding. Finally, to the extent that privacy laws require confidentiality, protected information may be redacted and substitute names or numbers used, in order that privacy is preserved. However, all information must remain in an understandable and useful format.

Interrogatory # 2 seeks information from CTB as to other litigation against it involving a home equity loan. The court finds this request reasonably calculated to lead to discovery of admissible evidence. While CTB argues that it has no way to retrieve this data, the court is not persuaded that CTB's legal department does not have such information. This light burden is outweighed by Plaintiffs' need to discover any pattern or practice evidence which might exist. However, the court limits the time period to the calendar year 2001 to the present.

Request for Production # 1 is not overbroad as CTB argues. If CTB documents by affidavit the undue hardship and expense it alleges in response to Interrogatory # 1, or suggests an alternate means of discovery, the court will consider these. However, in the absence of such proof, CTB must answer this Request.

Request for Production # 3 is reasonably calculated to lead to the discovery of admissible evidence and CTB must answer it. The court does not find an unreasonable burden here.

It is hereby **ORDERED** that Plaintiffs' Motion to Compel (docket

# 44-1) is **GRANTED IN PART**; with responses to Interrogatory # 1 and Request for Production # 1 taken **UNDER ADVISEMENT** pending Defendant's response to this discovery <u>or</u> filing of further information discussed herein within 14 days of Defendant's receipt of this Order. Plaintiffs' counsel is **ORDERED** to confer with Defendant's counsel to articulate which documents are desired in response to Request for Production # 2.

Given the complexity of these issues, the vast number of files, and the difficulty of obtaining the information sought, the court does not find Defendant to have acted improperly by raising its objections. The request for costs and attorney's fees (docket # 44-2) is **DENIED** at this time.

The Clerk is instructed to transmit copies of this Order to counsel of record.

**ENTER** this 14th day of December, 2005.

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge